UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Paulette Petri-Mitchell,<br><br>Plaintiff<br><br>vs.<br><br>Shriners Hospitals For Children<br><br>Defendant | CIVIL ACTION<br><br>NO:<br><br>COMPLAINT AND<br>JURY DEMAND |

## PRELIMINARY STATEMENT

1. Plaintiff, Paulette Petri-Mitchell, seeks in this action declaratory, injunctive and equitable relief; liquidated and compensatory damages, and costs and attorney's fees against Defendant, Shriners Hospitals For Children, for engaging in age discrimination.

## JURISDICTION

2. This action arises under the Age Discrimination in Employment Act of 1967, 29 USC § 621 *et seq*. Jurisdiction over Plaintiff's federal claims is invoked pursuant to 28 USC §§ 1331, 1343 and 29 USC § 626(c) (1).

3. Charges against Defendant alleging age discrimination were timely filed with the Equal Employment Opportunity Commission and the Pennsylvania Department of Human Relations. Plaintiff has exhausted her federal administrative remedies as more than sixty days have elapsed since she filed her charge of discrimination.

4. Plaintiff seeks declaratory, injunctive, and equitable relief as well as liquidated damages pursuant to 29 USC § 626(b).

## VENUE

5. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 USC §§ 1391(b), because the Defendant conducts business in Eastern Pennsylvania and the events giving rise to this lawsuit occurred in the City of Philadelphia.

## PARTIES

6. Plaintiff is a citizen and resident of the United States living in Springfield, Pennsylvania. She is 53 years old and was employed by Defendant as a radiologic technologist, which position she held at the time she was subjected to adverse employment decisions due to her age.

7. Defendant, Shriners Hospitals For Children, (hereinafter "Shriners") is an employer, engages in an industry affecting commerce, and employs more than twenty employees within the meaning of the Age Discrimination in Employment Act. Defendant, at all times pertinent hereto, was the employer of Plaintiff, who worked at the Shriners Hospital-Philadelphia located at 3551 North Broad Street, Philadelphia, PA.

## COUNT I - AGE DISCRIMINATION

8. Plaintiff hereby incorporates by reference paragraphs 1 through 7 of this Complaint.

9. Plaintiff, an ASRT/ARRT – Registered, Radiologic Technologist, was graduated from the University of Pennsylvania in 1984 with a BS in Biology. In 1992 Plaintiff received an AAS degree from Burlington County Community

College in Radiologic Technology. After 1992, Plaintiff worked as a radiologic technologist in various clinical environments, in which she acquired substantial experience that included clinical instructional and managerial responsibilities.

10. In 2008, Plaintiff began employment with Shriners as a Radiologic Technologist through a staffing agency. In 2009, Defendant hired Plaintiff as a per diem radiologic technologist. She held that position until Shriners terminated her employment on or about August 3, 2013, when its managers no longer assigned Plaintiff any hours of work.

11. In early 2013, William Roman, Radiology Manager, hired two per diem employees as radiologic technologists. Both of these individuals were substantially younger than Plaintiff and had substantially less experience than Plaintiff. Beginning immediately after he hired the two younger individuals and continuing thereafter, William Roman reduced Plaintiff's hours and preferentially assigned available hours to the new younger employees rather than Plaintiff despite Plaintiff's seniority and qualifications superior to those of the new young hires. William Roman continued this practice until he no longer assigned any hours to Plaintiff beginning on August 3, 2013.

12. After August 3, 2013, William Roman repeatedly advised Plaintiff that there were no hours available for Plaintiff while he assigned younger less experienced radiologic technologists the available hours. He repeatedly refused to respond to Plaintiff's inquiries about her work status.

13. On or about August 1, 2013 a full time radiologic technologist position became available at Shriners Hospital-Philadelphia. Plaintiff applied for the position by the submission of work transfer paperwork to Human

Resources. On the same day, William Roman informed Plaintiff that he had already scheduled interviews with other persons, including a younger radiologic technologist in the department. Plaintiff was not interviewed for the open full time position. On August 20, 2013, Plaintiff received an e-mail from William Roman indicating that Megan Hitchner, whose approximate age was 23, had been hired into the position.

14. The decision of Defendant's manager to not interview Plaintiff for the open position and rather to hire Megan Hitchner constituted discrimination on the basis of age. William Roman's preferential assignment of hours to the younger employees and refusal to assign further hours to Plaintiff also constituted age discrimination. These acts were part and parcel of a course of discriminatory conduct towards Plaintiff by Shriners that included the failure of Defendant to fairly consider Plaintiff for a radiologic technologist for which Plaintiff applied in 2011, which position was given to Kylie Howard, who was about 32 years of age with approximately 3 years of experience. It also included the routine exclusion of Plaintiff from training on new equipment related to her job and job functions.

15. Defendant's decisions to no longer assign work to Plaintiff and terminate her employment and to not consider her for or promote her to the position of full time radiologic technologist were made on account of her age, in violation of 29 U.S.C. § 623(a)(1) and, therefore, entitles Plaintiff to relief.

16. Defendant's aforesaid actions constitute a willful violation of 29 U.S.C. § 623 and, as such, entitles the Plaintiff to recover liquidated damages.

17. Plaintiff has no plain, adequate, or complete remedy at law to redress

the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Defendant unless Defendant is enjoined by this Court.

**WHEREFORE**, Plaintiff, Paulette Petri-Mitchell, respectfully requests that this Honorable Court enter an order providing the following:

a. That Plaintiff recover from Defendant back pay with interest, front pay, compensatory damages, liquidated damages and such other monetary relief the Court deems just;

b. That Plaintiff recovers from Defendant her costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law;

c. That the Court grants such other relief, including equitable and injunctive relief, as it deems just and proper.

**JURY TRIAL**

Plaintiff demands a jury trial.

Dated: 3/24/14         /s/ Thaddeus P. Mikulski, Jr.  TPM 5593

Thaddeus P. Mikulski, Jr.
365 White Horse Avenue
Hamilton New Jersey, 08610
(609) 581-0470

Attorney for Plaintiff, Paulette Petri-Mitchell